**People of the State of Illinois, Plaintiff-Appellee, v. Orlen Sims, Defendant-Appellant.**

Gen. No. 65–26.

Third District.

December 10, 1965.

Orlen Sims, pro se, appellant.

William G. Clark, Attorney General, of Springfield (Richard Stengel, State's Attorney, of Rock Island, and Peter C. Fieweger, Assistant State's Attorney, of counsel), for appellee.

ALLOY, P. J.

Defendant in this cause, Orlen Sims, was indicted for the murder of his wife, Janice Sims, whose death occurred on August 28, 1963. Defendant signed a written plea of guilty to the offense charged, and was sentenced to the Illinois State Penitentiary for a term of not less than 45 years nor more than 90 years. A writ of error was issued by the Supreme Court of this State for review of the judgment of conviction and the cause was thereafter transferred to this court. On appeal in this court, defendant contends that the record of conviction is such that there was no plea of guilty persisted in by defendant, and that the cause should be reversed with directions that defendant be allowed to withdraw the purported plea of guilty and the cause be remanded to the Circuit Court of Rock Island County for further proceedings.

The record in this cause indicates that on October 2, 1963, after defendant had been arraigned, he was represented by counsel who filed a motion requesting that the court impanel a jury to determine the sanity of defend-

ant. The motion was granted and such jury was duly impaneled. After hearing the evidence, the jury returned a verdict finding that defendant was sane at the time of impaneling the jury and was sane at the time of the verdict. Thereafter, on November 15, 1963, defendant appeared in court with his counsel and the attorney informed the court, in presence of defendant, that they were there to waive trial by jury, to waive trial by the court and to enter a plea of guilty to the indictment. The attorney stated that he had advised defendant as to his rights and defendant stated that he had been so advised. The court then asked defendant if he accepted his attorney's advice and was now proposing to enter a plea of guilty and the record reflects that at that time defendant did not answer. The court at such time asked the defendant if his rights had been explained to him on a number of occasions. Defendant replied "That's right." The court also informed defendant that if he were found guilty, the court would impose punishment which could be imprisonment for a long term. In the presence of defendant, defendant's attorney informed the court that he had advised defendant that the crime of murder carries a term of 14 years or life or death and stated that he had gone over this matter with defendant a number of times. The court then stated its belief that defendant had knowingly and understandingly entered his guilty plea and accepted the same, and defendant then acknowledged that his signature was on the written plea of guilty and waiver of jury.

At the hearing thereafter in aggravation and mitigation, the facts relating to the murder of defendant's wife by defendant with an axe were reviewed by the court and it was indicated that there were several eye witnesses to the crime. There was no recommendation of sentence by the State's Attorney but apparently the court took into consideration, at the time of imposing the sentence, the circumstances of the murder.

At the time of the entry of the plea of guilty in the cause before us, it was provided by statute (Ill Rev Stats 1961, c 38, par 732) that a plea of guilty should not be entered until the court had fully explained to the accused the consequences of entering such a plea; after which, if the party persists in pleading guilty, such plea shall be received and recorded. Under Illinois Supreme Court Rule 26(3) it is also provided that the court should not permit a plea of guilty unless it found from proceedings had in open court that the accused understood the nature of the charge against him and the consequences thereof if found guilty. In People v. Kontopoulos, 26 Ill2d 388, 186 NE2d 312, defendant's assignment of error was, similarly, that the court had failed to comply with the statutory provision and the Supreme Court rule heretofore referred to in admonishing defendant prior to accepting his plea of guilty to reckless homicide. The court there stated, at Page 390:

> "The admonishment of the court must be read in a practical and realistic manner. The object of the admonishment is to inform the defendant of the consequences of his plea of guilty and to give him the right to withdraw his plea of guilty if, after hearing the consequences, he desires to be tried by a jury."

██ ██ In the case before us, it is apparent from the record that the admonishment complied with the requirements of the statute. Defendant was given a copy of the indictment. On a number of occasions his attorney had advised him of the possible punishment for the crime of murder. The court likewise instructed defendant that punishment could be imposed for a long term of years. The Trial Court and attorney for defendant had explained to him that he was entitled to a trial by a court or a jury and that in either case it was incumbent upon the State to prove him guilty beyond a reasonable doubt. The State's Attorney requested that the record show that

405

defendant signed a plea of guilty, and defendant acknowledged to the court that it was his signature on the plea of guilty and the waiver of jury. Defendant never requested a withdrawal of the plea of guilty. On appeal, defendant contends that because he remained silent when asked by the court if he was now proposing to enter a guilty plea, the record fails to show he persisted in his plea of guilty. The purpose of the admonishment of the court was to inform defendant of the consequences of his plea of guilty and to give him the right to withdraw the plea if he desired to do so. Defendant did not request a withdrawal of the plea of guilty. On the record before us, it is apparent that the Trial Court properly admonished the defendant in accordance with the statutory provision and the rule of court prior to accepting and entering his plea of guilty and that defendant thereafter persisted in the plea. We are cognizant of the fact that defendant had a limited fifth grade education and also that a plea of guilty should not be made by silence or by implication. We believe, however, that on the record before us, the Trial Court complied with the statute and rule of court and that the record properly discloses that the defendant understandingly entered a written plea of guilty and thereafter persisted in said plea.

The judgment of the Circuit Court of Rock Island County will, therefore, be affirmed.

Affirmed.

STOUDER and CORYN, JJ., concur.