THE PEOPLE OF THE STATE OF ILLINOIS, Plaintiff-Appellee, *v.* CARL WILLIAMS, Defendant-Appellant.

(Nos. 54192, 54597 cons.;

First District—May 27, 1971.

Gerald W. Getty, Public Defender, of Chicago, for appellant.

Edward V. Hanrahan, State's Attorney, of Chicago, for the People.

Mr. PRESIDING JUSTICE McNAMARA delivered the opinion of the court:

Defendant, Carl Williams, was indicted for the crime of armed robbery. On November 20, 1968, he withdrew his plea of not guilty, pleaded guilty to that charge and was sentenced to a term of 2 to 8 years in the penitentiary. On appeal he contends that the trial court erred in accepting his plea of guilty.

On August 23, 1967, defendant, along with two others charged in the indictment, were arraigned. At the arraignment, counsel was appointed for defendant and he was given a copy of the indictment. Defendant

entered a plea of not guilty to the indictment, and on the following day made a motion for a list of witnesses. Subsequent motions made on behalf of defendant were for a bill of particulars and to suppress identification testimony. The bill of particulars was given to defendant. Prior to trial date private counsel was retained.

On November 20, 1968, the case came to trial. The record reflects the following discourse:

"MR. HOWARD: Your Honor, for the record my name is George Howard and I represent each of the three defendants that is before the court under indictment for armed robbery.

I have had extensive conversation with the defendant concerning the charges and the facts in this case and after having that conversation, each one of the defendants has advised me that he wishes to withdraw his plea of not guilty heretofore entered and enter a plea of guilty to the above indictment.

I have advised each one of the defendants that he has the right to a trial by jury and have advised them that they have a right to have their case heard by this Court, and understanding that they have advised me that they wish to enter a plea of guilty.

THE COURT: Speaking to each of the defendants, Mr. Colbert, Mr. Phillips, and Mr. Williams, you have just heard what your attorney has told the Court.

He said that you desire to withdraw your pleas of not guilty heretofore made to indictment No. 67— Is that 02808?

STATE'S ATTORNEY: It's 2808, Judge.

THE COURT: (Continuing)  *  *  *  is that correct, and you want to enter a plea of guilty instead of not guilty; is that correct?

DEFENDANT COLBERT: Yes, Sir.

DEFENDANT PHILLIPS: Yes, Sir."

The trial judge continued in determining the voluntariness of the plea of guilty, and admonished all three men as to the possible penalty that could be imposed upon them upon a determination of their guilt. After the recitation of each right, the trial judge paused to allow the three defendants to respond with an acknowledgement of their understanding. The record reveals the affirmative responses of the two co-defendants. The record is silent as to the response of defendant Williams. Immediately after the admonition, it was stipulated that the facts contained in the indictment were true and correct and sufficient to sustain a conviction for armed robbery. During the determination of the factual basis for the plea of guilty, defendant responded to an inquiry about his age. The judge also asked him if he had anything to say in mitigation. Defen-

dant replied that he did not have anything to say. Toward the end of the hearing, while explaining post-conviction rights, the court asked the defendant: "Mr. Williams, do you understand what the Court has said to you?" Defendant answered, "Yes, your Honor." The Court then asked: "Have you any questions to ask, anything that is not clear to you?" Defendant replied, "No, your Honor."

Defendant contends that the conviction must be reversed because of improper procedures employed by the trial court in accepting his plea of guilty. In his brief defendant argued only that the trial court referred to an indictment number rather than the name of the offense in admonishing defendant as to the nature of the charge. At oral argument defense counsel also contended that the procedures were defective in that the record fails to show a response by defendant to the trial judge's inquiries.

Supreme Court Rule 402, (Ill. Rev. Stat. 1970, ch. 110A, par. 402) provides as follows:

"In hearings on pleas of guilty, there must be substantial compliance with the following:

(a) The court shall not accept a plea of guilty without first, by addressing the defendant personally in open court, informing him of and determining that he understands the following:

(1) the nature of the charge;

(2) the minimum and maximum sentence prescribed by law, including, when applicable, the penalty to which the defendant may be subjected because of prior convictions or consecutive sentences;

(3) that the defendant has the right to plead not guilty, or to persist in that plea if it has already been made, or to plead guilty; and

(4) that if he pleads guilty there will not be a trial of any kind, so that by pleading guilty he waives the right to a trial by jury and the right to be confronted with the witnesses against him."

■■ In order to determine whether a defendant had the requisite depth of knowledge to have understandingly and voluntarily entered a plea of guilty, courts of review will look to the entire record in a practical and realistic manner. (*People v. Domico* (1959), 15 Ill.2d 590, 155 N.E.2d 590, 155 N.E.2d 591; *People v. Harden* (1966), 78 Ill.App.2d 431, 222 N.E.2d 693.) From the totality of the record, we find that the plea of guilty was understandingly made by defendant, and that it was properly accepted by the court.

The record reveals that defendant was given a copy of the indictment

which stated the name of the offense, armed robbery, the name of the victim and the date of the occurrence. Subsequently defense counsel was furnished a bill of particulars, which described the weapon used in the robbery, the time of the day of the occurrence, and the street address in the City of Chicago at which the robbery took place. The trial court thus was well within its discretion in believing that defendant had sufficient knowledge of the nature of the crime when, in the presence of defendant, counsel stated that he had extensive conversations with all the defendants regarding the charges and the facts of the charges. The court's failure to refer to the name of the charge in its admonishment did not render the procedures defective. In *People v. Doyle* (1960), 20 Ill.2d 163, 169 N.E.2d 250, the name or nature of the offense was not mentioned by the court upon admonition of the defendant prior to acceptance of the plea of guilty and sentencing. The Supreme Court noted, however, that defendant had been furnished a copy of the indictment which specifically set forth the name and details of the offense. Defendant had counsel of his own choice, and was under no disability. He also had been present prior to his change of plea when a jury was sworn to try him. The court concluded that, reasonably and realistically viewed, the defendant had been informed of and understood the nature of the charge.

■■ The record in the instant case also supports a finding that defendant understood the import of the admonition conveyed to him by the court. He was represented by counsel of his choice, and apparently was under no disability. Defendant clearly responded to an inquiry about his age. He stated that he had nothing to add in mitigation. And during an explanation of his post-conviction rights, the court repeatedly and specifically asked defendant whether he had any questions, and whether he understood everything that had been said. Defendant responded properly to each such question. When read in a practical and realistic manner, the record reveals that there was a voluntary and understanding change of plea to guilty by defendant, despite his failure to respond to the court's initial inquiries. In *People v. Sims* (1965), 65 Ill.App.2d 402, 212 N.E.2d 384, defendant contended that because he remained silent when asked by the court if he were proposing to enter a guilty plea, the record thus failed to show that he had persisted in a plea of guilty. This court pointed out that defendant had been given a copy of the indictment. It also noted that the court and defense counsel had instructed him as to the consequences of his plea, and concluded that the trial court had sufficiently admonished defendant and had properly accepted his plea of guilty.

In support of his contention that the instant trial court's procedures in accepting his plea of guilty were defective, defendant cites *Boykin v.*

218

*Alabama* (1969), 395 U.S. 238. In that case, the United States Supreme Court reiterated the principle that a plea of guilty must be intelligent and voluntary to be valid, and went on to hold that the record must affirmatively disclose that a defendant who pleaded guilty entered his plea understandingly and voluntarily. (See *Brady v. United States* (1970), 397 U.S. 742.) However, our Supreme Court has held that the standard enunciated in *Boykin* does not apply to any case which was decided prior to June 2, 1969. (*People v. Williams* (1970), 44 Ill.2d 334, 255 N.E.2d 385.) Since this plea of guilty was accepted in November 1968 the *Boykin* rule does not apply.

For the foregoing reasons, the judgment of the Circuit Court is affirmed.

Judgment affirmed.

DEMPSEY and McGLOON, JJ., concur.