appearances, whisperings and hand movements reasonably suggested that their presence within the savings and loan was for other than lawful purposes. Any suspicions to the contrary should have been dispelled by the reassurances of the receptionist. We are left with no more than a police officer's inarticulate hunch that criminal acts had been committed or were contemplated. This was insufficient to justify the "stop." *Terry v. Ohio*, 392 U.S. 1; *People v. Lee*, Cf. 48 Ill.2d 272, 269 N.E.2d 488; *People v. Davis*, 2 Ill.App.3d 185, 276 N.E.2d 55; Ill. Rev. Stat. 1969, ch. 38, par. 107—14.

We hold that the evidence secured through the searches of defendants' persons and effects was not obtained incident to a valid "stop and frisk." We affirm.

Affirmed.

SCHWARTZ and LEIGHTON, JJ., concur.

The People of the State of Illinois, Plaintiff-Appellee, *v.* Henry Louis Williams, Defendant-Appellant.

(No. 56938; ▇▇▇▇▇▇▇▇)

First District—December 28, 1972.

Opinion by Mr. JUSTICE EGAN.

William H. Wise, of Chicago, for appellant.

Edward V. Hanrahan, State's Attorney, of Chicago, (Elmer C. Kissane and Mark T. Zubor, Assistant State's Attorneys, of counsel,) for the People.

THE PEOPLE OF THE STATE OF ILLINOIS, Plaintiff-Appellee, v. MARSHALL T. COLEMAN, Defendant-Appellant.

(No. 56935;

First District—December 29, 1972.