The People of the State of Illinois, Plaintiff-Appellee, *v.* Willie B. Campbell, Defendant-Appellant.

(No. 56367;

First District (3rd Division)—July 5, 1973.

238

Gerald W. Getty, Public Defender, of Chicago, (Ronald P. Katz and James J. Doherty, Assistant Public Defenders, of counsel,) for appellant.

Edward V. Hanrahan, State's Attorney, of Chicago, (Elmer C. Kissane and Kurt Klein, Assistant State's Attorneys, of counsel,) for the People.

Mr. PRESIDING JUSTICE DEMPSEY delivered the opinion of the court:

Stanley Harris, Jr., 22 years old, and the defendant-appellant, Willie Campbell, 35 years of age, were indicted for the offense of armed robbery (Ill. Rev. Stat. 1969, ch. 38, par. 18—2). Both men waived a jury trial and changed their pleas from not guilty to guilty. Harris was sentenced to one to ten years in the penitentiary and Campbell to a term of not less than two nor more than five years.

Campbell presents two issues for review. He contends that the trial court did not properly admonish him before accepting his plea of guilty and unreasonably refused to place him on probation for a term of five years.

He concedes that the court informed him of his right to a trial by jury, the nature of the charge, the minimum and maximum penalty provided by law, the existence of a negotiated plea agreement and the results of that agreement, and that the court determined there was a factual basis for the plea. But he complains that the admonishment did not comply with all the requirements of the rule pertaining to pleas of guilty (Ill. Rev. Stat. 1971, ch. 110A, par. 402); that he was not told if he pleaded guilty he waived the right to a trial of any kind and the right to be confronted with witnesses against him, and he was not asked whether force, threats or promises were used to obtain his plea.

Campbell was well aware of the nature of a jury trial. When he and his attorney appeared before the court for trial he reaffirmed his pre-

viously announced intention to waive a jury and, in response to the court's questions, told the court how many people were in a jury and that the jurors decided whether a defendant was guilty or not guilty. He voluntarily signed a jury waiver and acknowledged his signature. He was informed of the possible consequences of his guilty plea but was told that it was probable because of his negotiated plea that he would receive a two to five-year sentence. He explained twice that he was entering that plea because he was in fact guilty, and he and his counsel stipulated to a summary of the evidence which was presented to the court.

■■ The purpose of Rule 402 is to safeguard the rights of an accused person—to insure that a guilty plea is intelligently, understandingly and voluntarily made. It requires substantial, not literal, compliance with its precepts; its objective is fixed but its application is flexible. The test is whether the record affirmatively discloses that an accused who pleads guilty enters his plea understandingly and voluntarily. (*Boykin v. Alabama* (1969), 395 U.S. 238; *North Caroline v. Alford* (1970), 400 U.S. 25. Rule 402 was adopted to implement the *Boykin* decision.) In *People v. Mendoza* (1971), 48 Ill.2d 371, 270 N.E.2d 30, where the question of complying with the specific requirements of the rule was in issue, the court stated that the fact that the defendant was not specifically admonished by the court, on the record, as to each and every consequence of his plea did not sufficiently demonstrate that he was, in fact, unaware of these consequences. Substantial compliance with Rule 402 has been approved in numerous cases: *People v. Krassel* (1973), 12 Ill.App.3d 64; *People v. Shepard* (1973), 10 Ill.App.3d 739, 295 N.E.2d 310; *People v. Roebuck* (1973), 10 Ill.App.3d 641, 295 N.E.2d 32; *People v. Anderson* (1973), 10 Ill.App.3d 558, 294 N.E.2d 763; *People v. Williams* (1972), 9 Ill.App.3d 401, 292 N.E.2d 437; *People v. Tennyson* (1972), 9 Ill.App.3d 329, 292 N.E.2d 223; *People v. Caughlin* (1972), 7 Ill.App.3d 389, 287 N.E.2d 499; *People v. Reed* (1971), 3 Ill.App.3d 293, 278 N.E.2d 524.

■■ Although the court inquired of the co-defendant Harris whether his guilty plea was induced by promises, the court did not ask Campbell this question or the allied questions whether his plea was induced by force or threats. However, to satisfy the requirement of Rule 402 it is not always necessary to ask the defendant these questions. The rule states that the court shall determine if a guilty plea is voluntary before accepting it. The colloquy between Campbell and the court gave the court ample grounds for reaching the conclusion that the plea was voluntarily made.

■■ The record establishes that the court carefully admonished Campbell as to all fundamental requisites before accepting his jury waiver and guilty plea. The record also reflects Campbell's intelligent responses to the inquiries directed to him, his understanding of what was taking place and his eagerness to accept the result of the negotiations which had been conducted by the court, his counsel and the prosecutor. There is no indication in the record, and he does not contend, that his plea was involuntary or that promises, threats, force or other influences were used to secure it. The court substantially complied with the requirements of Rule 402 and its acceptance of the defendant's plea of guilty as being voluntarily and knowingly made is affirmed.

During the aggravation and mitigation hearing which followed the entry of the judgment, Campbell's counsel verified the agreement that had been reached with the State's Attorney for a sentence of two to five years; nevertheless, he requested that the defendant be released on probation for five years with the first year on a work release program. He noted that the propriety of the sentence would be within the court's discretion. The judge refused the request and sentenced the defendant to a term of two to five years in the penitentiary. The defendant contends that the trial court abused its discretion in not placing him on probation, because the defendant's record warranted probation and it was denied only because the court had predetermined to do so before the mitigation hearing.

The factual stipulation revealed that Campbell and Harris were the two participants in an armed robbery of a super-market. Campbell took money from a cash register as the cashier stood by under gunpoint, and he then forced the manager into his office where an additional sum was taken from a desk drawer. The robbers escaped with approximately $300. Two police officers responding to a radio message were directed to a second floor of a hotel where they saw the two suspects run into a room. Harris was apprehended in the room where a snub-nosed revolver, a shotgun and the proceeds of the robbery were found. Campbell fled by jumping through the window and he was arrested behind the building. Two hours after the robbery a line-up was held and the manager and the cashier identified Campbell.

In requesting probation despite the negotiated plea, Campbell's attorney said:

> "I do have evidence I could offer in mitigation. However, in my conversation with your Honor yesterday, your Honor said it is impossible where a person commits a robbery with a gun that he does not give probation regardless of the showing made by the defendant."

Subsequently, the trial judge explained his position to avoid a misunderstanding. He said his feeling was that the statutory penalty for armed robbery was fair and that he looked to the positive and negative aspects of the case. Although Campbell had no prior record, the judge noted that an armed robbery occurred in which there was a potential of serious harm to the victims, to innocent people and the police officers.

■■ The granting of probation is within the discretion of the trial court. It is subject to review to the extent of ascertaining whether the court did in fact exercise discretion or whether it acted in an arbitrary manner. (*People v. Saiken* (1971), 49 Ill.2d 504, 275 N.E.2d 381; *People v. Sims* (1965), 32 Ill.2d 591, 208 N.E.2d 569.) Although not considered in reaching our decision, it should be noted that following the instant offense, the legislature forbade probation for armed robbery (Ill. Rev. Stat. 1971, ch. 38, par. 117—1) and altered the indeterminate sentence from a minimum of two years imprisonment to a minimum of five years. Ill. Rev. Stat. 1971, ch. 38, par. 18—2.

■■ We conclude that the trial court did not act arbitrarily and that it properly denied the request for probation. The sentence was fair and proper consideration was given to the defendant's prior record, background and offense. The judgment is affirmed.

Affirmed.

McNAMARA and McGLOON, JJ., concur.