THE PEOPLE OF THE STATE OF ILLINOIS, Plaintiff-Appellee, *v.* JAMES THURSTON, JR., Defendant-Appellant.

(No. 59399;

First District (5th Division)—January 24, 1975.

*Opinion modified upon denial of rehearing March 4, 1975.*

Paul Bradley and James R. Streicker, both of State Appellate Defender's Office, of Chicago, for appellant.

Bernard Carey, State's Attorney, of Chicago (Patrick T. Driscoll, Jr., and Dennis J. O'Hara, Assistant State's Attorneys, of counsel), for the People.

Mr. JUSTICE SULLIVAN delivered the opinion of the court:

Defendant withdrew a plea of not guilty to murder. He then pled guilty to involuntary manslaughter and was sentenced to 3 to 9 years. On appeal, he contends he was not properly admonished as required by Supreme Court Rule 402. (Ill. Rev. Stat. 1973, ch. 110A, par. 402.) Specifically, he argues the trial court failed (1) to determine that his plea was voluntary and not the result of force, threats or promises apart from the plea agreement; (2) to inform him of the nature of the charge and determine that he understood it; and (3) to state the terms of the plea agreement in open court and confirm them by personally questioning him in open court.

Opinion

Defendant initially argues the trial court merely asked him if he wished to plead guilty and made no inquiry concerning voluntariness, force, threats or promises and thus did not substantially comply with the dictates of *Boykin v. Alabama*, 395 U.S. 238, 23 L.Ed.2d 274, 89 S.Ct. 1709, or with the requirements of Illinois Supreme Court Rule 402.

In *Boykin* it was held that the record must disclose a guilty plea was voluntarily and understandingly made. In implementation thereof, Rule 402 was adopted, which in pertinent part provides:

> "In hearings on pleas of guilty, there must be substantial compliance with the following:
>
> &ast; &ast; &ast;
>
> (b) *Determining Whether the Plea Is Voluntary.* The court shall not accept a plea of guilty without first determining that the plea is voluntary. If the tendered plea is the result of a plea agreement, the agreement shall be stated in open court. The court, by questioning the defendant personally in open court, shall confirm the terms of the plea agreement, or that there is no agreement, and shall determine whether any force or threats or any promises, apart from a plea agreement, were used to obtain the plea." 50 Ill.2d R. 402.

■■ The purpose of Rule 402 is to safeguard the rights of an accused by assuring that a guilty plea is intelligently, understandingly and voluntarily made. (*People v. Campbell*, 13 Ill.App.3d 237, 300 N.E.2d 568.) However, substantial compliance will satisfy the purposes of the Rule. *People v. Mendoza*, 48 Ill.2d 371, 270 N.E.2d 30.

Here, following a conference with defendant's attorney, the prosecutor informed the court that the State wished to proceed on the charge of involuntary manslaughter, and the following colloquy then occurred:

> "The Court: Very well. Mr. Thurston, your counsel advises me you wish to change your plea of not guilty and plead guilty to the charge of involuntary manslaughter, is that correct?
>
> Defendant: Yes.
>
> The Court: When you plead guilty you automatically waive your right to a jury trial or a bench trial or your right to be confronted by witnesses, do you understand that?
>
> Defendant: Yes.
>
> The Court: Before accepting your plea of guilty it is my duty to advise you on your plea of guilty to involuntary manslaughter, both under the new unified Code and under the statute in existence on the date of this occurrence, sentence could not be less

than one nor more than ten years on involuntary manslaughter, do you understand?

Defendant: Yes.

The Court: Let the record show the defendant has been advised of the consequences of a plea of guilty to this indictment and at this time I will hear stipulations."

■■ In *People v. Ellis,* 59 Ill.2d 255, 320 N.E.2d 15, where the trial court failed to specifically ask whether any force, threats or promises were used to obtain the plea, it was stated at page 257:

"While we do not approve of any failure to comply strictly with the explicitly stated requirements of Rule 402, it does not follow that every deviation therefrom requires reversal. If upon review of the entire record it can be determined that the plea of guilty made under the terms of a plea agreement was voluntary, and was not made as the result of force, threats or promises other than the plea agreement, the error resulting from failure to comply strictly with Rule 402(b) is harmless."

A trial judge is not required to ask questions of a defendant phrased in the specific language of Rule 402. (*People v. Anderson,* 10 Ill.App.3d 558, 294 N.E.2d 763.) In *People v. Campbell,* 13 Ill.App.3d 237, 300 N.E.2d 568, it was held that the trial judge need not ask defendant whether his plea was induced by force or threats where the record otherwise shows the plea was voluntarily made.

Here, the record discloses defendant conferred with his privately retained counsel and then acknowledged to the court his desire to change his plea of not guilty to murder to guilty of involuntary manslaughter. He understood this plea was a waiver of his right to a trial by jury and of his right to be confronted with witnesses to testify against him. In addition, he was informed as to and indicated his understanding of the possible minimum and maximum sentences that could be imposed.

■■ In view of the above and from our further consideration of the entire record, we believe that there was substantial compliance with the requirement of Rule 402 that the plea was voluntarily made.

Defendant maintains also that the trial court accepted his plea of guilty without first informing him of the nature of the charge and determining that he understood it.

■■ After defendant expressed his desire to plead guilty to involuntary manslaughter and after he was informed of the rights he was waiving and the sentences that could be imposed, the following colloquy occurred in the presence of defendant and his attorney:

"The Court: Let the record show that defendant has been ad-

vised of the consequences of a plea of guilty to this indictment and at this time I will hear stipulations.

Mr. Fitzgerald [assistant State's attorney]: Your Honor, at this time, it would be stipulated by and between James Thurston in his own proper person, through Ronald Blair, his attorney, now present in open court, with Bernard Carey, state's attorney of Cook County, through two of his assistants, that on the 23rd of August, 1972, approximately 3:40 p.m., at or near 1342 North Cleveland on the third floor, that address being located in the City of Chicago, County of Cook, State of Illinois, the defendant James Thurston was at that time living with his wife, Marlene Thurston. Mr. Thurston had occasion to return to their common home at approximately that time; soon thereafter a disagreement began and while struggling with a gun Mr. Thurston had occasion to shoot and kill Marlene Thurston. There was later found to be a fingerprint on the gun of Mr. Thurston, which would establish that Mr. Thurston did indeed fire the gun. However, due to the circumstances we feel that it is appropriate that the charge become involuntary manslaughter. The State stands willing and ready to produce other evidence that would establish guilt of the defendant both in fact and law beyond a reasonable doubt."

In *People v. Krantz*, 58 Ill.2d 187, 317 N.E.2d 559, there was a recital in the trial court by the prosecutor of the stipulated evidence which set forth the nature of the criminal conduct the State expected to prove. Neither defendant nor his attorney objected to any portion of this statement, and our supreme court stated, at page 193:

"'[T]he remarks and advice of the court must be read in a practical and realistic manner. The essentials have been complied with if an ordinary person in the circumstances of the accused would understand them as conveying the information required by the rule.'"

Furthermore, the entire record may be considered in determining whether or not there was an understanding by the accused of the nature of the charge. *People v. Williams*, 133 Ill.App.2d 214, 216, 272 N.E.2d 775.

■■ Here, defendant represented by private counsel, responded in the affirmative when asked if he wished to plead guilty to the charge of involuntary manslaughter. He acknowledged his understanding of the rights he was waiving by this plea and of the possible penalties for the crime of involuntary manslaughter. These acknowledgments when considered with the recital of the stipulated evidence made in the presence of defendant and his counsel, without objection or denial of any portion thereof, demonstrate to our satisfaction that defendant was informed as

to and understood the nature of the charge against him, including the acts and intent necessary to sustain the commission of the crime of involuntary manslaughter.

Finally, defendant argues the trial court accepted his plea without an open court statement of the terms of the plea agreement and confirmation of them by personally questioning defendant in open court as required by Rule 402(b).

He refers us to *People v. Ridley*, 5 Ill.App.3d 680, 284 N.E.2d 37, where it was held that the trial court committed reversible error in not stating the terms of the plea agreement nor confirming them by personally questioning defendant in open court. We do not deem *Ridley* to be controlling in view of the recent expression of the Illinois Supreme Court in *People v. Dudley*, 58 Ill.2d 57, 316 N.E.2d 773, where, in holding that a conviction will not necessarily be reversed where the trial court fails to state or confirm the terms of a plea agreement in open court, it was stated at pages 60 and 61:

> "There is no claim that the plea of the defendant, who was represented by counsel, was not voluntary. There is no other claim of harm or prejudice to the defendant. When questioned by the judge the defendant expressed himself as being satisfied with the plea agreement which had been negotiated for him by his attorney, and even now there is no expression of dissatisfaction with the plea agreement's terms. And finally, there is no contention by the defendant that the plea agreement was not honored—no claim that the sentence imposed was not the one agreed upon. What we observed in *People v. Morehead*, 45 Ill.2d 326, 332, is appropriate here: 'It is not the policy of this court to reverse a judgment of conviction merely because error was committed unless it appears that real justice has been denied * * *.'"

Here, defendant does not complain that his plea was involuntary. We note also that, in the presence of his counsel, he expressed his desire to enter the plea, and as we have pointed out above, he was informed of the rights he was waiving and of the sentences that might be imposed. There is no complaint here that the terms of the plea agreement were not carried out.

■■ Under these circumstances, where we have determined defendant's plea was voluntary, and because no other harm or prejudice is claimed or has been shown, we conclude that the trial court did not commit prejudicial error in failing to state the terms of the plea agreement in open court or confirm them by personally questioning defendant in open court.

Defendant also contends his sentence was excessive in view of his age

(27 at the time of sentencing), the nature and circumstances of the occurrence, the absence of prior convictions, his steady employment, and the fact that he was the father of an 8-month-old child.

Where it is claimed that a sentence is excessive, although within the limitations prescribed by the legislature, it should not be disturbed unless it clearly constitutes a great departure from the fundamental law and its spirit and purpose, or is manifestly in excess of the Illinois constitutional requirement that all penalties shall be proportionate to the nature of the offense. *People v. Taylor*, 33 Ill.2d 417, 211 N.E.2d 673.

Here, it was stipulated that defendant had a disagreement with his wife, and while they struggled over a gun, he shot and killed her. At the hearing in aggravation and mitigation, the trial court was informed of defendant's age, his lack of a prior record, his steady employment, and the fact that he was the father of a young child.

At the time of sentencing, the trial court made the following statement: "After taking regard to the nature and circumstances of the offense and the history and character of the defendant, I am sentencing in conformance with the recommendation of the State; * * *."

Thus, it is apparent that the court considered the information in mitigation, as well as the circumstances surrounding the death.

■■ It has been often stated that the trial court is normally in a better position to make a sound determination as to the punishment to be imposed than is a court of review (*People v. Hampton*, 44 Ill.2d 41, 48, 253 N.E.2d 385), which should not alter a trial court's sentence merely because it would have imposed a different penalty had it been in the position of the court. (*People v. Valentine*, 60 Ill.App.2d 339, 356, 208 N.E.2d 595.) Here, the sentence imposed was within the limitations prescribed by the applicable statute, and from the stipulated statement as to what had occurred, it appears that the struggle with his wife and the shooting both occurred soon after defendant returned home. Although the shooting was apparently neither premeditated or retaliatory, a gun was used, and there appears no question that defendant fired the fatal shot.

In view thereof, we are not pursuaded that the sentence was improper. For the reasons stated, the judgment is affirmed.

Affirmed.

DRUCKER and LORENZ, JJ., concur.