THE PEOPLE OF THE STATE OF ILLINOIS, Plaintiff-Appellee, *v.*
CHARLES COUNT, Defendant-Appellant.

Third District   No. 75-302

Opinion filed October 25, 1976.

Robert Agostinelli and C. Joseph Weller, both of State Appellate Defender's Office, of Ottawa, for appellant.

Martin Rudman, State's Attorney, of Joliet (Robert W. Mueller, Assistant State's Attorney, of counsel), for the People.

Mr. JUSTICE STENGEL delivered the opinion of the court:

Following a bench trial, defendant was convicted of attempt escape and sentenced to a term of imprisonment for 1-3 years, with the sentence to run consecutively to a sentence being served by defendant when he committed the present offense. On appeal, defendant contends that his statutory right to a speedy trial was violated because the trial court improperly granted the State's motion for an examination and hearing on the issue of defendant's fitness to stand trial.

Defendant and two codefendants were indicted for the present offense on April 25, 1974. In a report dated May 10, 1974, Dr. Kruglik, a psychiatrist for the Department of Corrections, expressed the opinion that defendant was sane at the time of the commission of the offense.

On August 19, 1974, on motion of defendant, defense counsel was discharged, and defendant was allowed to proceed *pro se*. On August 20, 1974, defendant stated that he intended to use the defenses of necessity and insanity and moved for the appointment of psychiatrists to examine him. In support of the motion, defendant alleged that he suffered psychiatric disorders, had been a patient in psychiatric wards both before and during his incarceration, and was receiving medication for the disorders. Defendant also sought and obtained a continuance until September 3, 1974, and, on that date, obtained another continuance under September 20, 1974. When defendant next appeared in court on September 20, he stated that he was schizophrenic and reiterated his psychiatric history. He offered to plead guilty if the court would provide further mental treatment for him, and was informed by the court that such a disposition was not possible.

On December 12, 1974, the State moved for a hearing on defendant's fitness to stand trial. The motion alleged that Dr. Kruglik had informed the State's Attorney that a few weeks previously defendant had been transferred to the psychiatric division at Menard for evaluation after complaining of hearing voices and seeing visions. As of the date of the motion, defendant was still undergoing evaluation at Menard, and apparently the symptoms were still present. Defendant, who was in court for the motion, objected to the motion but did not deny the allegations. The trial court, in granting the motion, appointed counsel to represent defendant for the competency hearing and appointed two psychiatrists to examine defendant.

A fitness hearing was held on March 20, 1975, and consisted of the reports of the two appointed psychiatrists, as well as an August 30, 1974, report by Dr. Kruglik. Defendant was found competent for trial, and the

trial was scheduled for March 25, 1975. On that date, as well as the next day, the court recessed the proceedings, and on March 27, 1975, defendant presented a petition for discharge, which was denied. On March 31, 1975, the State's witnesses were not present, and, with no objection by defendant, the case was continued until April 1, 1975. On that date the trial was held, and defendant was found guilty.

The sole issue before us is whether the trial court erred in granting the State's motion for a fitness hearing. Defendant contends that the motion was made for purposes of delay; that the information before the trial court was insufficient to raise a *bona fide* doubt of defendant's fitness to stand trial; and that, as a result, defendant was entitled to discharge for want of prosecution within the current 120-day term.

■■ The Code of Criminal Procedure, section 103—5(a) (Ill. Rev. Stat. 1975, ch. 38, par. 103—5(a)) provides that the 120-day term is tolled by an examination for competency and a competency hearing. Under section 5—2—1 of the Unified Code of Corrections (Ill. Rev. Stat. 1975, ch. 38, par. 1005—2—1), when facts or circumstances are brought to the attention of the trial court, either from the court's own observations or by motion of either party, which raise a *bona fide* doubt of defendant's competency, the court has a duty not to proceed further until the question of defendant's competency has been resolved. *People v. Salvaggio* (1st Dist. 1976), 38 Ill. App. 3d 482, 348 N.E.2d 243; *People v. Bickham* (5th Dist. 1973), 13 Ill. App. 3d 857, 301 N.E.2d 172.

■■ The determination of whether an examination and hearing should be ordered rests within the sound discretion of the trial court. In *People v. Benson* (1960), 19 Ill. 2d 50, 55, 166 N.E.2d 80, our Supreme Court stated:

"[I]t is our opinion that, in a proper case, a delay necessitated for the purpose of ascertaining a defendant's sanity and mental capacity to be subjected to criminal prosecution is a permissible delay which does not impair or infringe upon the constitutional right to a speedy trial, or violate the statute enacted to implement the constitutional provision. However, a mere arbitrary suggestion of insanity will not suffice, and whether such ground constitutes a good cause for delay in a given case must be a matter resting within the discretion of the trial court, to be resolved from the particular facts and circumstances before it. On review, the ruling will not be disturbed unless the record shows a clear abuse of discretion."

Here, the trial court was aware of defendant's intended defense of insanity and defendant's statements regarding treatment and medication for psychiatric disorders, as well as defendant's request for further treatment. Although these facts are not necessarily sufficient to raise a *bona fide* doubt of defendant's ability to understand the nature of the

charges and to assist in his defense (see, *e.g., People v. Fontaine* (5th Dist. 1975), 28 Ill. App. 3d 450, 328 N.E.2d 685), the State's motion presented the additional information that defendant had been transferred to Menard for evaluation after complaining of hearing voices and seeing visions. Moreover, these allegations were not denied by defendant. See *People v. Benson* (1960), 19 Ill. 2d 50, 166 N.E.2d 80.

Defendant asserts that his conduct during the proceedings prior to the State's motion for examination and hearing demonstrated his competency, and was dispositive of that issue. However, a similar contention was rejected in *Pate v. Robinson* (1966), 383 U.S. 375, 386, 15 L. Ed. 2d 815, 822, 86 S. Ct. 836, 842, where the Supreme Court stated:

> "While [defendant's] demeanor at trial might be relevant to the ultimate decision as to his sanity, it cannot be relied upon to dispense with a hearing on that very issue."

Defendant also contends that the State's motion was made in bad faith and for purposes of delay, as was found to be the case in *People v. Hugley* (5th Dist. 1971), 1 Ill. App. 3d 828, 275 N.E.2d 178. In *Hugley*, the opinion notes that the State's motion for a competency hearing was based on conduct by defendant which occurred before defendant had been evaluated and found not to be in need of mental treatment. Here, in addition to the trial court's knowledge of defendant's past psychiatric disorders and treatment, the State's motion presented new information pertaining to defendant which involved a present disorder and evaluation. Moreover, there is no indication that this motion was for purposes of delay, as the State had announced ready for trial as early as August 20, 1974, and on August 21, 1974, had tried the two codefendants who were indicted with defendant for the attempt escape.

■■ Based on the foregoing, we find that the trial court did not abuse its discretion in determining that the facts and circumstances before it were sufficient to raise a *bona fide* doubt as to defendant's competency and in granting the State's motion for a competency hearing. The trial court was in a superior position to observe defendant and evaluate the information, and we do not believe that this is an appropriate case to interfere with the trial court's determination. Therefore, the current 120-day term was properly tolled, and defendant was not entitled to discharge.

Accordingly, the judgment of conviction of the Circuit Court of Will County is affirmed.

Affirmed.

ALLOY, P. J., and STOUDER, J., concur.